IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CARPENTERS PENSION AND RETIREMENT SAVINGS FUNDS OF ILLINOIS and MICHAEL T. KUCHARSKI, as Administrative Manager, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 05-3223 |
| CARL SEYMOUR, d/b/a S & F CONSTRUCTION CO., | ) ) ) ) | |
| Defendant. | ) | |

OPINION
------

RICHARD MILLS, U.S. District Judge:

This case is before the Court on the Plaintiffs' motion for default judgment.

On September 20, 2005, United States Magistrate Judge Byron G. Cudmore entered an Order of Default against Defendant Carl Seymour, d/b/a S & F Construction Co., for failure to answer as provided by the

1

Federal Rules of Civil Procedure and the Rules of this Court. The Plaintiffs' complaint was filed on August 11, 2005. Following the entry of default, the Defendant on September 23, 2005 served an answer to the complaint, wherein he denied the substantive allegations of the complaint. The answer was served more than 20 days after the Defendant was served with a copy of the Plaintiffs' complaint.

On October 3, 2005, the Plaintiffs filed a motion for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. The Defendant has not responded to the Plaintiffs' motion.

In connection with their motion for default judgment, the Plaintiffs have submitted the affidavit of Michael E. Pieklo, the collections manager/controller of the Carpenters Pension and Retirement Savings Funds of Illinois. Mr. Pieklo's responsibilities and duties include keeping and maintaining records of contributions received for the Plaintiffs from participating employers. He also coordinates and supervises the recovery of delinquent employer contributions on the Plaintiffs' behalf, thereby receiving access to all necessary information.

Mr. Pieklo requested that an audit be performed upon the payroll books of the Defendant by Romolo & Associates, Certified Public Accountants. The audit covered the period of January 1, 2001 to December 31, 2004. Mr. Pieklo states he has examined the Statement of Additional Reportable Hours that was prepared by Romolo & Associates and has determined that, based upon those additional hours for which contributions are due and all other evidence maintained in his records, contributions are due from the Defendant to the Plaintiff funds in the total amount of $39,414.90. Pursuant to the Trust Agreements described in the complaint, Mr. Pieklo has assessed liquidated damages surcharges against the Defendant in the amount of 10% of all contributions due and unpaid and all contributions which were paid late, in the total amount of $21,090.18 and $1,047.56.

Mr. Pieklo further states that Romolo and Associates have charged the trustees the sum of $1,379.60 for auditing fees, which sum has been paid. Pursuant to the terms of the Trust Agreements to which the Defendant is bound, the Defendant has agreed to be liable for payment of said sums.

Based on the foregoing, the total due as of October 3, 2005 by Defendant Carl Seymour, d/b/a S & F Construction Co., to the Plaintiffs for contributions, liquidated damages, and auditing fees, after credit for any payments received is $62,932.24.

The Plaintiffs have also submitted the affidavit of their attorney regarding his attorney's fees. Based on 6.65 hours spent in attempting to collect the sums due from the Defendant and his hourly rate of $175.00, counsel states that his total charges to the Plaintiffs for attorney's fees thus far have been $1,163.75.

As the Court previously noted, the Defendant has not responded to the Plaintiffs' motion for default judgment. Because no response has been filed, the Court presumes that there is no opposition to the Plaintiffs' motion. *See* Local Rule 7.1(B)(2). Accordingly, the Court will ALLOW the Plaintiffs' motion for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

Ergo, the Plaintiffs' motion for default judgment pursuant to Rule 55 [d/e 9] is ALLOWED. The Clerk of Court will enter judgment in favor of

Carpenters Pension and Retirement Savings Funds of Illinois and Michael T. Kucharski, as Administrative Manager, and against Carl Seymour, d/b/a S & F Construction Co., in the sum of $62,932.24, which represents the balance due from the Defendant for contributions, liquidated damages, and auditing fees, after credit for any payments received, plus the Plaintiffs' attorney's fees through October 3, 2005, in an amount of $1,163.75, for a total judgment amount of $64,095.99, plus court costs.

ENTER:   November 2, 2005

        FOR THE COURT:

                            s/Richard Mills
                            United States District Court